1

2

3

4

5          UNITED STATES DISTRICT COURT

6          EASTERN DISTRICT OF WASHINGTON

7  CHERYL ANN MYERS,

                                    NO:  1:14-CV-3063-TOR
8                    Plaintiff,

                                    ORDER GRANTING DEFENDANT'S
9      v.                           MOTION FOR SUMMARY
                                    JUDGMENT
10 CAROLYN W. COLVIN, Acting
   Commissioner of Social Security
11 Administration,

12                   Defendant.

13        BEFORE THE COURT are the parties' cross-motions for summary

14 judgment.  ECF Nos. 13, 14.  Plaintiff is represented by Thomas Bothwell.

15 Defendant is represented by Lars J. Nelson.  The Court has reviewed the

16 administrative record and the parties' completed briefing and is fully informed.

17 For the reasons discussed below, the Court grants Defendant's motion and denies

18 Plaintiff's motion.

19 //

20 //

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under §405(g) is limited:  the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012).  "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion."  *Id.* at 1159 (quotation and citation omitted).  Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance."  *Id.* (quotation and citation omitted).  In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation.  *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner.  If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record."  *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).  Further, a district

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2

court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* at 1111.  An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination."  *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed.  *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

## FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act.  First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 1382c(a)(3)(A).  Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. § 416.920(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's work activity.  20 C.F.R. § 416.920(a)(4)(i).  If the claimant is engaged in

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3

1   "substantial gainful activity," the Commissioner must find that the claimant is not

2   disabled.  20 C.F.R. § 416.920(b).

3        If the claimant is not engaged in substantial gainful activities, the analysis

4   proceeds to step two.  At this step, the Commissioner considers the severity of the

5   claimant's impairment.  20 C.F.R. § 416.920(a)(4)(ii).  If the claimant suffers from

6   "any impairment or combination of impairments which significantly limits [his or

7   her] physical or mental ability to do basic work activities," the analysis proceeds to

8   step three.  20 C.F.R. § 416.920(c).  If the claimant's impairment does not satisfy

9   this severity threshold, however, the Commissioner must find that the claimant is

10  not disabled.  *Id.*

11       At step three, the Commissioner compares the claimant's impairment to

12  several impairments recognized by the Commissioner to be so severe as to

13  preclude a person from engaging in substantial gainful activity.  20 C.F.R.

14  § 416.920(a)(4)(iii).  If the impairment is as severe as or more severe than one of

15  the enumerated impairments the Commissioner must find the claimant disabled

16  and award benefits.  20 C.F.R. § 416.920(d).

17       If the severity of the claimant's impairment does meet or exceed the severity

18  of the enumerated impairments, the Commissioner must pause to assess the

19  claimant's "residual functional capacity."  Residual functional capacity ("RFC"),

20  defined generally as the claimant's ability to perform physical and mental work

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4

1    activities on a sustained basis despite his or her limitations (20 C.F.R.

2    § 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

3          At step four, the Commissioner considers whether, in view of the claimant's

4    RFC, the claimant is capable of performing work that he or she has performed in

5    the past ("past relevant work").  20 C.F.R. § 416.920(a)(4)(iv).  If the claimant is

6    capable of performing past relevant work, the Commissioner must find that the

7    claimant is not disabled.  20 C.F.R. § 416.920(f).  If the claimant is incapable of

8    performing such work, the analysis proceeds to step five.

9          At step five, the Commissioner considers whether, in view of the claimant's

10   RFC, the claimant is capable of performing other work in the national economy.

11   20 C.F.R. § 416.920(a)(4)(v).  In making this determination, the Commissioner

12   must also consider vocational factors such as the claimant's age, education and

13   work experience.  *Id.*  If the claimant is capable of adjusting to other work, the

14   Commissioner must find that the claimant is not disabled.  20 C.F.R.

15   § 416.920(g)(1).  If the claimant is not capable of adjusting to other work, the

16   analysis concludes with a finding that the claimant is disabled and is therefore

17   entitled to benefits.  *Id.*

18         The claimant bears the burden of proof at steps one through four above.

19   *Lockwood v. Comm'r of Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).  If

20   the analysis proceeds to step five, the burden shifts to the Commissioner to

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5

1    establish that (1) the claimant is capable of performing other work; and (2) such

2    work "exists in significant numbers in the national economy."  20 C.F.R.

3    § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

4    ALJ FINDINGS

5         Plaintiff filed applications for disability insurance benefits and supplemental

6    security income on September 16, 2011.  Tr. 86–89.[1]  Plaintiff's claims were

7    denied initially and upon reconsideration.  Tr. 61–63, 67–68.  Plaintiff requested a

8    hearing before an ALJ which was held on March 11, 2013.  Tr. 540–570.  At her

9    hearing, Plaintiff amended the onset date of her disability to December 2012 and

10   abandoned her disability insurance benefits claim.  Tr. 547, 552.  The ALJ

11   rendered a decision denying Plaintiff supplemental security income on June 20,

12   2013.  Tr. 22–31.

13        At step one, the ALJ found that Plaintiff had not engaged in substantial

14   gainful activity since December 1, 2012.  Tr. 24.  At step two, the ALJ found that

15   Plaintiff had the following severe impairment:  fibromyalgia.  *Id.*  At step three, the

16   ALJ found that Plaintiff did not have an impairment or combination of

17   _____

18   [1]  The administrative record is incomplete and does not contain the SSI application

19   exhibits 1-8.  The absence of these documents, about which there is no dispute,

20   does not affect the Court's decision.

impairments that met or medically equaled a listed impairment.  Tr. 25.  The ALJ

then concluded that Plaintiff had the RFC

> to perform light work as defined in 20 CFR 404.1567(b) and
> 416.967(b) except she cannot climb ladders, ropes, or scaffolds.  She
> can frequently stoop.  She can occasionally crouch and crawl.  She
> can frequently reach, to include overhead reaching.  She can
> frequently handle and finger.

*Id*.  The ALJ found, at step four, that Plaintiff was unable to perform past relevant

work as a nurse aid.  Tr. 29.  At step five, the ALJ found that, considering

Plaintiff's age, education, work experience, and RFC, there exist significant

numbers of jobs in the national economy that Plaintiff could perform in

representative occupations such as production assembler, housekeeper, and cashier.

Tr. 29–30.  On that basis, the ALJ concluded that Plaintiff was not disabled as

defined in the Social Security Act.  Tr. 30.

The Appeals Council denied Plaintiff's request for review on March 7, 2014,

making the ALJ's decision the Commissioner's final decision for purposes of

judicial review.  Tr. 5–8; 42 U.S.C. §§ 405(g), 1383(c)(3); 20 C.F.R. §§ 416.1481,

422.210.

## ISSUES

Plaintiff raises four issues for review:

(1) Whether the ALJ properly evaluated Plaintiff's alleged impairments at

step two.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7

1    (2)  Whether the ALJ properly weighed the opinions of Plaintiff's treating

2         physician, Dr. Alberto M. Jacir-Marcano.

3    (3) Whether the ALJ properly evaluated Plaintiff's subjective complaints.

4    (4) Whether the ALJ properly evaluated Plaintiff's capability to perform

5         work in the national economy at step five.

6    ECF No. 13 at 9–20.  The Court evaluates each contention in turn.

7                               DISCUSSION

8                           A. Step Two Analysis

9         Plaintiff asserts that the ALJ erred in failing to conclude at step two that she

10   had the following significant impairments:  "AC arthritis, chronic pain,[2]

11   degenerative disc disease, shoulder impairments, and carpal tunnel syndrome."

12   ECF No. 13 at 10.  Defendant contends that the ALJ properly evaluated the

13   severity of these impairments and that any error was harmless.  ECF No. 14 at 6–8.

14        A claimant bears the burden at step two to demonstrate that she has

15   medically determinable physical impairments which (1) have lasted or are

16   _____

17   [2] The ALJ concluded that Plaintiff's fibromyalgia was a sever limitation.  This

18   finding incorporates Plaintiff's allegations of chronic pain.  Any error in failing to

19   specifically discuss at step two "chronic pain" as opposed to the diagnosis of

20   "fibromyalgia" is harmless.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8

expected to last for a continuous twelve-month period and (2) significantly limit her ability to do basic work activities.  20 C.F.R. §§ 416.920(a)(4)(ii), 416.920(c), 416.909.  An impairment does not limit an ability to do basic work activities where it "would have no more than a minimal effect on an individual's ability to work." *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988).  Plaintiff suggests that an ALJ must incorporate impairments at step two *unless* the evidence establishes that the impairment is "nothing more than an 'slight abnormality'" or a "groundless complaint[]."  ECF No. 13 at 9.  This interpretation would put the burden at step two on the Commissioner to show that an impairment is not significant.  However, the regulations and case law squarely place the burden at step two on the claimant to make a prima facie showing that her impairments more than minimally affect her work abilities and have persisted or will continue to persist for a year. *Lockwood*, 616 F.3d at 1071.  The ALJ concluded that Plaintiff failed to meet this burden with regard to her claimed limitations from her carpal tunnel syndrome and shoulder impairment.  Tr. 25.

A step two finding of a severe impairment does not itself result in a finding of disability.  Step two merely screens out groundless claims.  *See Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (*citing Bowen v. Yuckert*, 482 U.S. 137, 153–54 (1987)).  Having passed through the step 2 window, Plaintiff cannot show she was harmed by the Commissioner's step two finding.  While styled as a step

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9

two challenge, this argument is better addressed to the ALJ's RFC findings as

applied at steps four and five. Only then could Plaintiff show the necessary

harmful error. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) (holding that

ALJ's failure to list plaintiff's bursitis as a severe impairment at step two was

harmless where ALJ considered limitations caused by the condition at step four).

Here, the ALJ thoroughly considered each of the asserted limitations in

formulating Plaintiff's RFC. Tr. 27–28. The ALJ noted that Plaintiff suffered a

"non-traumatic strain injury to her right shoulder in early 2013" and has made

"general complaints of neck, shoulder, and hand pain throughout the medical

records." *Id.* However, the ALJ cited objective imaging evidence which indicated

only "fairly mild" impairments in her hands, neck, and shoulders. Tr. 28, 167–69,

170, 174–75, 178; *see also* Tr. 383 (CT chest exam on August 3, 2012, showing

"minimal to mild multilevel degenerative changes of the thoracic spine"). The

ALJ also cited several sections of the record which indicate that Plaintiff retains a

"good" to "full" range of motion in her upper extremities and hands. *See* 161–62,

194, 434–35. From these records and Plaintiff's demonstrated ability to handle

day-to-day activities, the ALJ concluded that, while the evidence does indicate

Plaintiff has some impairment in her shoulders, neck, and hands, Plaintiff is

nevertheless capable of performing light work. The ALJ factored the alleged

limitations into his RFC evaluation. The ALJ's findings are supported by

substantial evidence.  Any failure to specifically discuss the asserted limitations at step two is harmless.

### B. Treating Physician Opinion

Plaintiff contends that the ALJ improperly rejected the opinions of Plaintiff's treating physician, Dr. Alberto M. Jacir-Marcano.  ECF No. 13 at 11–13.  Specifically, Plaintiff contends the ALJ did not provide adequate reasons to reject Dr. Jacir-Marcano's opinion that Plaintiff could not perform any type of work on a reasonably continuous and sustained basis.  *Id*. at 11.

A treating physician's opinions are entitled to substantial weight in social security proceedings.  *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir.2009).  If a treating or examining physician's opinion is uncontradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence."  *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).  If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence."  *Id.* (citing *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995)).

On March 1, 2013, Dr. Jacir-Marcano completed a "Medical Questionnaire." Tr. 536.  This standardized form consists of a number of check boxes next to differing categories of work capability and directs Dr. Jacir-Marcano to check the

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11

1   box next to "the below listed category[y] [which] most accurately describes this

2   patient's physical capacity relative to the possibility of maintaining full-time

3   employment." *Id.* One box is checked next to "I do not believe this patient is

4   capable of performing <u>any</u> type of work on a reasonably continuous, sustained

5   basis (e.g., eight hours a day, five days a week or approximately 40 hours per

6   week, consistent with a normal work routine)." *Id.* (bold typeface omitted)

7   (emphasis in original).  No further information is provided on the form beyond the

8   check mark, the date, and Dr. Jacir-Marcano's signature.

9          The ALJ assigned Dr. Jacir-Marcano's assessment little weight.  Tr. 28.  Dr.

10  Jacir-Marcano's opinion is inconsistent with the opinions of Dr. Daniel Seltzer and

11  Dr. Elizabeth St. Louis, who both found Plaintiff capable of performing light work.

12  Tr. 28, 52–54, 171.  As a contradicted opinion, the Court must determine whether

13  the ALJ provided specific and legitimate reasons supported by substantial evidence

14  in assigning the opinion little weight.  The Court concludes the ALJ did provide

15  specific and legitimate reasons.

16         First, the ALJ assigned little weight to Dr. Jacir-Marcano's opinion because

17  the doctor "provides no support or explanation for his opinion."  Tr. 28.  An ALJ

18  need not accept a physician's opinion that is "brief, conclusory and inadequately

19  supported by clinical findings."  *Bray*, 554 F.3d at 1228 (quotation and citation

20  omitted).  The form completed by Dr. Jacir-Marcano, consisting entirely of check

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 12

1    boxes and did not provide any basis for Dr. Jacir-Marcano's conclusion that

2    Plaintiff was severely limited.  Plaintiff argues there are portions of the record

3    which support Dr. Jacir-Marcano's opinion.  However, Dr. Jacir-Marcano did not

4    indicate what information he relied upon and any attempt to divine the basis of his

5    opinion would be purely speculative.  The ALJ properly considered the lack of

6    medical record support in assigning Dr. Jacir-Marcano's functional capacity

7    opinion little weight.

8        Second, the ALJ assigned little weight to the opinion because it is

9    "inconsistent with the physical examinations of the claimant, her daily activities,

10   and the imaging results."  Tr. 28.  It is the ALJ's duty to resolve conflicting

11   medical opinions.  *Thomas v. Barnhart*, 278 F.3d 947, 956 (9th Cir. 2002).  The

12   ALJ set out a detailed and thorough examination of the record and conflicting

13   opinions, stated his interpretation of the evidence, and made specific findings.  Tr.

14   28–29.  Plaintiff disagrees with those conclusions and points to aspects of the

15   record she argues support Dr. Jacir-Marcano's opinion.  Nevertheless, the ALJ's

16   resolution of the conflicting opinions is reasonable and must be upheld.  *See*

17   *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004)

18   ("[T]he Commissioner's findings are upheld if supported by inferences reasonably

19   drawn from the record . . . and if evidence exists to support more than one rational

20   interpretation, we must defer to the Commissioner's decision.").  The ALJ provided

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 13

specific and legitimate reasons to assign little weight to the functional assessment of Dr. Jacir-Marcano in favor of greater weight assigned to the conflicting opinions of Dr. Seltzer and Dr. St. Louis.

## C. Plaintiff's Credibility

Plaintiff contends that the ALJ "did no provide the required clear and convincing reasons for rejecting [Plaintiff's] subjective complaints. ECF No. 13 at 13. Plaintiff argues the ALJ erred in rejecting her testimony based on inconsistencies between her claimed limitations and her daily activities, and inconsistencies between her claimed limitations and the medical record. ECF Nos. 13 at 14–18, 15 at 4–8.

In social security proceedings, a claimant must prove the existence of a physical or mental impairment with "medical evidence consisting of signs, symptoms, and laboratory findings." 20 C.F.R. §§ 416.908, 416.927. A claimant's statements about his or her symptoms alone will not suffice. 20 C.F.R. §§ 416.908, 416.927. Once an impairment has been proven to exist, an ALJ "may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (en banc). As long as the impairment "could reasonably be expected to produce [the] symptoms," the claimant may offer a subjective evaluation as to the severity of the impairment. *Id.* This rule

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 14

recognizes that the severity of a claimant's symptoms "cannot be objectively

verified or measured." *Id.* at 347 (quotation and citation omitted).

However, an ALJ may conclude that the claimant's subjective assessment is

unreliable, so long as the ALJ makes "a credibility determination with findings

sufficiently specific to permit [a reviewing] court to conclude that the ALJ did not

arbitrarily discredit claimant's testimony." *Thomas*, 278 F.3d at 958; *see also*

*Bunnell*, 947 F.2d at 345 ("[A]lthough an adjudicator may find the claimant's

allegations of severity to be not credible, the adjudicator must specifically make

findings which support this conclusion.").  If there is no evidence of malingering,

the ALJ's reasons for discrediting the claimant's testimony must be "specific, clear

and convincing." *Chaudhry v. Astrue*, 688 F.3d 661, 672 (9th Cir. 2012)

(quotation and citation omitted).  The ALJ "must specifically identify the

testimony she or he finds not to be credible and must explain what evidence

undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir.

2001).

Here, the ALJ found that the medical evidence confirmed the existence of

medical impairments which could reasonably be expected to cause some of

Plaintiff's alleged symptoms.  Tr. 26.  However, the ALJ did not credit Plaintiff's

testimony about the intensity, persistence, and limiting effects of the symptoms.

There is no evidence of malingering in this case, and therefore the Court must

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 15

1    determine whether the ALJ provided specific, clear and convincing reasons not to

2    credit Plaintiff's testimony of the limiting effect of her symptoms. *Chaudhry*, 688

3    F.3d at 672. The Court concludes that the ALJ did provide specific, clear and

4    convincing reasons.

5        First, the ALJ found that "the numerous activities that [Plaintiff] engages in

6    on a daily basis are inconsistent with the degree of limitation she is now alleging."

7    Tr. 26. Evidence about daily activities is properly considered in making a

8    credibility determination. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). In

9    evaluating credibility, an ALJ may properly consider "whether the claimant

10   engages in daily activities inconsistent with the alleged symptoms." *Molina*, 674

11   F.3d at 1113 (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1040 (9th Cir. 2007)).

12   "Even where those activities suggest some difficulty functioning, they may be

13   grounds for discrediting the claimant's testimony to the extent that they contradict

14   claims of a totally debilitating impairment." *Id.*

15       The ALJ cited several activities Plaintiff engages in that are inconsistent

16   with her claimed severe limitations in upper extremity function and manual

17   manipulation. The ALJ observed that Plaintiff reported in 2011 that she had "for

18   the last several years . . . been traveling with her husband after they purchased a

19   tractor-trailer unit and they have been traveling around the country doing long-haul

20   truck driving together." Tr. 194 (cited at Tr. 26). This is entirely inconsistent with

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 16

Plaintiff's claim in her initial disability application, and only amended at the

hearing, that she has been unable to work since 2004.  Tr. 86.  The ALJ observed

that Plaintiff is able to care for her husband, mother, and animals.  Tr. 26, 113.

The ALJ observed that Plaintiff is capable of performing home care work such as

dusting, sweeping, vacuuming, and daily cooking.  Tr. 26, 113–14.  The ALJ noted

that Plaintiff is capable of handling finances, including counting change.  Tr. 26,

115.  Finally, the ALJ noted that Plaintiff was capable of cleaning the exterior of

her RV.  Tr. 26, 290.  The ALJ did not err in concluding these activities

demonstrate greater manipulating and exertional abilities than the severe

limitations claimed by Plaintiff.

Second, that ALJ concluded that Plaintiff's medical records do not

substantiate Plaintiffs' subjective complaints.  The ALJ noted that the medical

records relating to Plaintiff's condition in the time since her amended onset date of

December 2012 were "extremely limited."  Tr. 26.  As such, the ALJ consulted all

of Plaintiff's medical records, including those pre-dating the amended onset date to

"establish a baseline for her condition."  *Id.*  The ALJ then summarized the

medical record and cited to portions, discussed above, which indicated that

Plaintiff possessed a good to full range of motion in her upper extremities and

hands, and that objective imaging did not show more than mild impairments to

Plaintiff's shoulders, hands, and spine. Tr. 27–28. These medical records are inconsistent with the totally debilitating impairments claimed by Plaintiff.

"While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). The ALJ recognized Plaintiff's impairments in assigning a light work RFC, but did not credit Plaintiff's subjective claims to the full extent that Plaintiff claimed she was severely limited in her functionality. Tr. 29. The ALJ's decision provides specific, clear and convincing reasons supported by substantial evidence sufficient for this Court to conclude that the adverse credibility determination was not arbitrary.

### D. Step Five Analysis

Plaintiff contends that the ALJ erred by providing an incomplete hypothetical to the vocational expert at Plaintiff's hearing. ECF Nos. 13 at 19–20, 15 at 9–10. The ALJ provided the following hypothetical to the vocational expert:

> We will start out with light exertional, and light as defined in the regulations standing or walking six out of eight hours, sitting for approximately two out of eight-hour day; lifting 20 pounds occasionally, 10 pounds frequently. And we will exclude climbing of ladders—so no climbing of ladders, ropes, or scaffolds. We will limit some postural—stooping to frequent; crouching, kneeling, and crawling we will limit to occasional at best. Let's see here—as far as reaching, including overhead reaching, we will limit it first to frequent; handling and fingering also at frequent.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 18

1    Tr. 565–66.  The expert replied to this hypothetical that Plaintiff was capable

2    of working as a housekeeper, production assembler, or cashier.  *Id.* at 566.

3            An ALJ need not include limitations in the hypothetical that the ALJ has

4    concluded are not supported by substantial evidence in the record.  *See Osenbrock*

5    *v. Apfel*, 240 F.3d 1157, 1163–64 (9th Cir. 2001).  Plaintiff contends the

6    hypothetical failed to include the impairments she asserts the ALJ erroneously

7    excluded at step two.  ECF No. 13 at 19.  Plaintiff also contends the ALJ

8    erroneously excluded the limitations identified in Dr. Jacir-Marcano's opinion.  *Id.*

9    As already discussed by the Court, the ALJ did not err in excluding these alleged

10   limitations in formulating Plaintiff's RFC.  As such, the ALJ did not err in

11   excluding them from the hypothetical.

12           Finally, Plaintiff contends that the ALJ "did not explicitly reject limitations

13   relating to [Plaintiff's] handling, fingering, and reaching," and that, because all the

14   jobs identified by the vocational expert required frequent reaching, handling, and

15   fingering, the hypothetical was incomplete.  ECF Nos. 13 at 20; 15 at 9.

16           The burden of establishing that Plaintiff could not frequently reach, handle,

17   finger, or lift objects was upon Plaintiff.  The ALJ considered the medical evidence

18   and Plaintiff's testimony regarding the asserted limitations.  Tr. 27–28.  The ALJ

19   specifically discussed the electromyogram and nerve conduction study which

20   indicated Plaintiff suffered from some manual manipulation impairment, but

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 19

ultimately concluded that the evidence only established a mild impairment. *Id.* This mild limitation was factored into the hypothetical posed to the vocational expert where the ALJ limited Plaintiff to frequent reaching, handling, and fingering.  The ALJ also limited Plaintiff's lifting ability to occasionally for 20 pound objects and frequently for 10 pound objects.  These were the limitations the ALJ found supported by substantial evidence in the record.  The ALJ concluded further limitations were not supported by the record and, as articulated previously by the Court, this conclusion was not erroneous.  The hypothetical the ALJ used was "accurate, detailed, and supported by the medical record," and the ALJ was then permitted to rely on the vocational expert's testimony. *See Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir. 1999).

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment (ECF No. 13) is **DENIED**.

2. Defendant's Motion for Summary Judgment (ECF No. 14) is **GRANTED**.

The District Court Executive is hereby directed to file this Order, enter Judgment for Defendant, provide copies to counsel, and **CLOSE** the file.

**DATED** April 20, 2015.



THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 20